UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID RAMSEUR,

        Plaintiff,                     CIVIL ACTION NO. 09-13320

  v.

MICHAEL J. ASTRUE,               MAGISTRATE JUDGE VIRGINIA M. MORGAN
COMMISSIONER
OF SOCIAL SECURITY,

        Defendant.
_____/

**<u>OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (D/E #28), DENYING DEFENDANT'S MOTION FOR VOLUNTARY REMAND (D/E #20), AND REMANDING FOR CALCULATION OF BENEFITS DUE</u>**

**I. Introduction**

      This is an action for judicial review of defendant's decision denying plaintiff's application for social security disability benefits after November 27, 2008. (See, Decision at D/E 10-3 pp13-22) Plaintiff was represented by counsel during the agency proceedings. He alleged disability as a result of injuries he received in an automobile accident April 23, 2006. The Commissioner determined that plaintiff was disabled from the date of the accident through November 26, 2008 but not thereafter. Plaintiff appealed to this court *pro se*, submitted a handwritten letter outlining his reasons, and requested counsel. The court initially denied counsel but on further review, vacated that order and appointed counsel through the Pro Bono committee of the court in June, 2010. Attorney Ken Laritz accepted the appointment and

responded to the government's motion to remand and submitted a Motion for Summary Judgment. On September 29, 2010, the parties consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. §636(c). (D/E #33)

The matter comes before the court now on the government's Motion to Remand (D/E #20) and plaintiff's Motion for Summary Judgment (D/E #28), as well as respective responses and reply. For the reasons set forth in this opinion, the court grants plaintiff's motion for summary judgment (#28), denies defendant's motion for voluntary remand, and orders that the case be remanded for an award of benefits.

## II. Background

On June 20, 2006, plaintiff filed an application for Social Security Disability Insurance Benefits (DIB), alleging that he was disabled due to spinal injuries, back strain, skull damage and short-term memory loss, with a disability onset date of April 23, 2006. (Tr. 13, 82-86, 89-90) The Social Security Administration (SSA) denied plaintiff's claim on August 9, 2006. (Tr. 76-80) Plaintiff then requested a hearing before an administrative law judge (ALJ). (Tr. 81) The hearing was held November 26, 2008 before ALJ Melvyn B. Kalt. Plaintiff was represented by counsel. Plaintiff and a Vocational Expert ("VE") testified at the hearing. (Tr. 56-75) On February 12, 2009, the ALJ issued a partially favorable decision (a closed period of disability) finding plaintiff disabled from April 23, 2006 to November 26, 2008 (the date of the hearing). (Tr. 9-21) The ALJ found that as of that date, plaintiff had medical improvements, was capable of performing sedentary work, and was no longer disabled.

Plaintiff was born in 1962 and was 46 at the time of the ALJ decision.  He holds a B.A. in psychology from Wayne State University.  He was driving from his full-time job as a Youth Detention Specialist at Holy Cross Children's Services to his part-time security job at Ramada Inn when he was struck. (Tr. 60-61, 91-92, 100-106).   Plaintiff  was on the expressway at 65 mph when he was hit by a drunk driver whose vehicle hit the right front wheel of plaintiff's vehicle which threw him into the retaining wall. (Tr. 178)

The ALJ determined that plaintiff had the severe impairments of disc protrusion at C6-7, traumatic cataract in the left eye, headaches, low back pain, and a closed head injury.  (Tr. 16, D/E 10-3 p17)  Plaintiff testified that he had pain in his neck, back, waist, arms, legs, hands and feet.  He also lost the sight in one eye and suffered a traumatic brain injury (TBI).  He has night terrors, blurred vision, severe headaches and hand cramps. He has reduced concentration, short-term memory problems, and cognitive dysfunction.  He cannot concentrate to even read a book or watch TV for 15 minutes.  His hands cramp if he carries anything for a long time, can lift less than ten pounds, and lies down with heat and Tylenol for pain for about 45 minutes twice a day.  The ALJ determined that plaintiff did not have an impairment that met or equaled any of the Listed Impairments in Appendix 1, Subpart P of the Social Security regulations.  (Tr. 16, 19)

The Vocational Expert testified that if plaintiff's testimony were credited except for the need to lie down, he could perform unskilled sedentary work, sitting six to 8 hours a day.  If plaintiff had poor to no concentration or focus, or if he could not read more than 15 minutes, then that would preclude all work.   The VE testified that a person has to be able to focus up to

75 to 80% of the time in order to maintain even unskilled work. Anything below that would be preclusive. (Tr. 74, #10-3 p75)

Based on medical evidence, testimony from plaintiff and the vocational expert, and using the Medical Vocational Guidelines as a framework, the ALJ found that, from April 23, 2006 through November 26, 2008, plaintiff "was unable to perform even unskilled sedentary work on a sustained basis" (Tr. 17, 19) Consequently, plaintiff was unable to perform his past relevant work during that time period (Tr. 18). Furthermore, the ALJ concluded that, given plaintiff's residual functional capacity (RFC) during that time period, there were no jobs that existed in significant numbers in the national economy that plaintiff could have performed from April 23, 2006 through November 26, 2008. (Tr. 18) Accordingly, the ALJ found that plaintiff was disabled. (Tr. 19)

In the disfavorable portion of the decision, the ALJ found that, from the date of hearing onward (beginning November 27, 2008), plaintiff's medical condition had improved to the point where plaintiff had the RFC "perform sedentary work as defined in 20 CFR 404.1567(a)[1] except able to alternate between sitting and standing as needed and only unskilled tasks." (Tr. 19) The ALJ stated that "In November, 2008, the treating physician indicated that the claimant could

---

[1] 20 C.F.R. § 404.1567(a) provides: "Sedentary work. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."

perform sedentary work. (Ex. 15F)" (Tr. 18)[2]  Assuming the RFC for sedentary work, the ALJ also found that, beginning November 27, 2008, plaintiff could perform a significant number of jobs in the national economy and, consequently, plaintiff was not disabled after that date. (Tr. 20-21)

On April 9, 2009, plaintiff's then counsel filed a request for review of the ALJ's decision with the SSA's Appeals Council. (Tr. 5-8)  The Appeals Council considered the ALJ's decision and found no basis for remand and denied review on June 17, 2009. (Tr. 1-4)  The ALJ's decision thus became the final determination of the Commissioner.  On or about August 21, 2009, plaintiff filed suit for review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

**III. Standard of Review**

A person is "disabled" within the meaning of the Social Security Act "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A).  Further,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience,

---

[2]This finding references Transcript Exhibit 15F, the attorney supplied evidence, pages 304-309.  After review of the record, the court finds no such indication in the record. See discussion *infra.*

> engage in any other kind of substantial gainful work which exists
> in the national economy, regardless of whether such work exists in
> the immediate area in which he lives, or whether a specific job
> vacancy exists for him, or whether he would be hired if he applied
> for work.

42 U.S.C. § 423(d)(2)(A). The claimant bears the burden of proving that he is disabled. *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001).

A five-step process is used to evaluate DIB claims. 20 C.F.R. § 404.1520. In *Foster*, 279 F.3d at 354 (citations omitted), the Sixth Circuit discussed the process:

> The claimant must first show that she is not engaged in substantial
> gainful activity. Next the claimant must demonstrate that she has a
> "severe impairment." A finding of "disabled" will be made at the
> third step if the claimant can then demonstrate that her impairment
> meets the durational requirement and "meets or equals a listed
> impairment." If the impairment does not meet or equal a listed
> impairment, the fourth step requires the claimant to prove that she
> is incapable of performing work that she has done in the past.
> Finally, if the claimant's impairment is so severe as to preclude the
> performance of past work, then other factors, including age,
> education, past work experience, and residual functional capacity
> must be considered to determine if other work can be performed.
> The burden shifts to the Commissioner at this fifth step to establish
> the claimant's ability to do other work.

The ALJ applied the eight step criteria of 20 CFR §404.1594 to deny benefits after November 26, 2008. (Tr. 15-16) The analysis requires that if a claimant is found disabled at any point in the process, the ALJ must also determine if his disability continues through the date of the decision. In making this determination, the ALJ must follow an eight step evaluation process (20 CFR 404.1594). Step one is whether claimant is engaging in substantial gainful activity; step two is whether the impairment meets the Listings; step three is whether medical

improvement has occurred; step four is whether the medical improvement is related to the ability to work; step five is whether an exception to medical improvement applies; step six is whether all current impairments are severe and limit the claimant's ability to work; step seven is an assessment of the RFC with the current impairments and step eight is whether work exists that the claimant could perform given the RFC, his age, education, and part work experience. At the last step, a limited burden of going forward with the evidence shifts to the agency to show that there is other work in significant numbers that the claimant could perform.

Some cases in this circuit distinguish the judicial analysis for a closed period of disability from that involving the termination of benefits. For a closed period of disability, courts have held that the Commissioner must find that at some point in the past, the claimant was disabled and that, at some later point in the past, he improved to the point of no longer being disabled. *Long v. Secretary of HHS*, 45 F.3d 430 (Table) 1994 WL 718540(6th Cir 1994), cited with approval, *Gillespie v. Commissioner*, 2010 WL 4063713, *3 (ED MI) (Lawson, J.)  The test on judicial review is whether the determination is supported by substantial evidence. *Gillespie* at *3 (collecting cases). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, *Richardson v. Perales*, 402 U.S. 389, 401 (1971), see also *Lashley v. Sec'y of HHS*, 708 F.2d 1048, 1053 (6th Cir. 1983).

If the decision is not supported by substantial evidence, then Sentence Four of 42 U.S.C. § 405(g) provides that a district court has the power "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary [now Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). A

sentence four remand provides the required relief in cases where there is insufficient evidence on the record to support the Commissioner's conclusions and further fact-finding is necessary. *See, Faucher v. Secretary of Health and Human Servs.,* 17 F.3d 171, 174 (6th Cir. 1994) (citation omitted). In a sentence four remand, the court makes a final judgment on the Commissioner's decision and "may order the Secretary to consider evidence on remand to remedy a defect in the original proceedings, a defect which caused the Secretary's misapplication of the regulations in the first place." *Faucher*, 17 F.3d at 175. "It is well established that the party seeking remand bears the burden of showing that a remand is proper under Section 405." *Willis v. Secretary of Health & Human Servs.,* 727 F.2d 551 (6th Cir. 1984).

Also under Sentence Four, an ALJ's decision may be reversed and benefits immediately awarded if the record adequately establishes a plaintiff's entitlement to benefits. *See Newkirk v. Shalala*, 25 F.3d 316, 317 (6th Cir. 1994), see also *Gillespie v. Commissioner*, 2010 WL 4063713, *4-7. Where an adequate record exists, the decision denying benefits can be reversed and benefits immediately awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking. *See Faucher*, 17 F.3d at 176. Where remand would be an idle and useless exercise, courts are not required to convert judicial review of agency action into a ping-pong game. *Wilson v. Commissioner*, 378 F3d 541, 547 (6th Cir 2004) (citing *NLRB v. Wyman-Gordon*, 394 U.S. 759, 766 n.6(1969)(plurality opinion)).

**IV. Discussion**

*A. The Commissioner is not entitled to a remand to reconsider its decision.*

The Commissioner concedes that the portion of the decision denying benefits after the hearing date is not supported by substantial evidence and seeks a remand. Apparently, the Commissioner is not sure that any of the decision is supported by substantial evidence because he also seeks a remand to reconsider the favorable part of the decision. He is entitled to neither.

Commissioner moves to remand under Sentence Four, stating as follows:

> ¶3. Upon further review of the administrative record, the Agency has determined that remand for further administrative proceedings is appropriate. In particular, the Agency has determined that the case should be remanded to an Administrative Law Judge (ALJ) with instructions that the ALJ further evaluate Plaintiff's residual functional capacity during the entire period in question (e.g. both the favorable and unfavorable periods); find specific functional limitations, citing specific medical evidence in the record to support the limitations; and if necessary, provide a proper medical improvement evaluation, citing specific objective medical evidence to show medical improvement as required by 20 CFR §404.1594(b)(1).

The Commissioner's motion contains no specific reason for remand.[3] No specific inadequacies are identified. In addition, as further noted by plaintiff's counsel: "The Agency through the Appeals Council had a full opportunity to review the decision and denied review. (Tr. 1) The Appeals Council specifically found no basis for changing the Administrative Law Judge's decision, including the favorable portion granting benefits to the plaintiff for the period spanning April 23, 2006 through November 26, 2008." This makes the decision of the Agency

---

[3]Only in the defendant's response to the plaintiff's Motion for Summary Judgment is any potential basis identified for remand. Defendant points to a conflict between findings of plaintiff's treating orthopedic physician Dr. Beale and a chiropractor which were not discussed.

a "final decision" under §405(g) and subject to judicial review. Only if the court determines that there is a need for further proceedings is the decision to be further considered, consistent with restrictions or directions of the court.

The Commissioner states in the reply brief, in what appears to be an effort to intimidate plaintiff, as follows:

> "Presumably Plaintiff fears the favorable portion of the decision may be overturned were this matter remanded under the terms proposed by the Commissioner. But such fears do not warrant denial of the Commissioner's motion. Even if this Court were to reverse and remand the Commissioner's decision after full briefing on the merits of the case, the portion of the decision that was favorable to plaintiff could be revisited."

Reply Brief at 2 (#29)

Defendant also asserts that upon any remand for further consideration, regardless of limitations imposed by a court after a full briefing on the merits, it is free to reassess and revisit the favorable portion of the opinion. (#29 Reply in Support of Defendant's Motion for Remand at 2). This request for what is essentially a "do-over" has no case authority or legal basis. Plaintiff received a hearing, the agency considered the evidence, reviewed the decision, and permitted it to become the Final Decision of the agency. Thus, the court denies the Commissioner's motion for remand for further proceedings.

  *B. Plaintiff is entitled to a grant of Summary Judgment*

Plaintiff submits that defendant, having found plaintiff disabled through November 26, 2008, failed to show that there was medical improvement which would affect plaintiff's ability to work. The court agrees. The ALJ found that as of November 27, 2008, the plaintiff had the

capacity for performance of unskilled sedentary work with a sit/stand option and was not disabled. This finding is not supported by substantial evidence.

The medical evidence fails to show that plaintiff had significant medical improvement. After the accident plaintiff had an MRI, positive for broad-based disc protrusion at C6-7 in the cervical spine. (Tr. 165) He had left arm radiculopathy, back pain and severe headaches. In November 8, 2007, Dr. Kevin Lee reported that plaintiff had low back, left ankle, knee, wrist and neck pain, and continuing cognitive difficulties including memory problems due to a head injury. He is and was a candidate for discectomy and fusion surgery to repair a C5-6 traumatic disc herniation. He had not shown significant improvement. (Tr. 236) On August 29, 2008, plaintiff still had persistent complaints of low back and neck pain. (Tr. 295) There were mild to moderate muscle spasms in the cervical and thoracic spine in September, 2008. Dr. Beale, his orthopedist, opined October 20, 2008 that plaintiff still had cervical neuropathy and lumbosacral pain and was ordered to physical therapy three times a week for four weeks. (Tr. 287) During physical therapy on November 5, 2008, plaintiff complained of a popping and cracking sensation in his back. (Tr.284) His physical condition has not improved significantly.

In addition, his cognitive impairment due to a closed head injury continued to result in deficits. He participated in cognitive rehabilitation from December 2006 through August 2008. In May, 2007, the therapist noted that he made some gains. (Tr. 198) Plaintiff continued to have headaches, neck and back pain, and difficulty with concentration. On August 11, 2008, Dr. Bradley Klein, D.O. reported that plaintiff has on-going difficulties which include headaches, back and neck pain, which affects his sleep, increased worries due to ADLs [activities of daily

- 11 -

living], a loss of recent relationship with a woman, and his ongoing inability to work. (Tr. 300) Adjustment disorder was diagnosed. Dr. Klein identified ongoing cognitive difficulties, headaches, neck and back pain, worry, attempts to utilize compensatory strategies. In August 2008, Dr. Beale opined that plaintiff was totally disabled orthopedically. (Tr. 309, #10-9 p76). In a report dated November 6, 2008, he listed plaintiff's ability to do work related activities. He based his opinion on clinical findings and positive results of an MRI. He opined that plaintiff could lift or carry not more than five pounds, stand or walk at least two hours of an 8 hour day, but sit less than 6 hours in an 8 hour day, had limited push/pull ability of upper and lower extremities, and limited postural and manipulative functions restricting him to occasional balancing, crouching, and stooping and never climbing ramps or stairs, kneeling, or crawling. (Tr. 305, #10-9 p72). There were additional environmental limitations as well. (Tr. 306, #10-9 p73). Plaintiff's gait was unsteady when his eyes were closed (#10-9 p 75) and he continued to undergo physical treatment for pain though the date of the hearing. (Tr. 302, #10-9 p69) In a report dated November 7, 2008, plaintiff's chiropractor opines that plaintiff could lift or carry less than ten pounds (no specific weight identified), stand or walk less than two hours, and must periodically alternate between sitting and standing. He had limited use of the upper extremities. His postural limitations were total; never to climb, balance, crouch, kneel, crawl, or stoop. (Tr. 311-313, #10-10, p4) These conditions are those that have persisted since the accident.

     Plaintiff's testimony is consistent with the medical evidence. He has extensive lower back pain, left sided head pain, and a lot of headaches–3 to 5 times a week, occurring when he turns his head. He injured his left wrist and left ankle and continues to have problems sitting and

walking. He has pain every day. (Tr. 62-64) He no longer has medical insurance. (Tr. 63, 70-71). He lies down for about 45 minutes when he gets a headache. He stated that he could sit for 25 minutes and stand/walk about 20 minutes or half a block but then has to rest for ten minutes. (Tr. 65-6) He has reduced concentration, short term memory problems, naps daily, and has trouble focusing. (Tr. 67, 71) He receives assistance with cooking, cleaning, and grocery shopping.

The ALJ found that plaintiff's testimony was generally credible for the period from April, 2006 through November 26, 2008. (Tr. 17) The record does not support that anything changed after that date such that the credibility determination should be different. The ALJ points to no reasons for disbelieving the plaintiff's assertions and there are no inconsistencies in his testimony or that of his doctors. Reasons for credibility findings must be supported by substantial evidence in the record. *Howard v. Commissioner*, 276 F3d 235, 242 (6th Cir. 2002). See also, SSR 96-7. No reasons are stated for disbelieving plaintiff and the ALJ's re-evaluation of credibility after November 26, 2008 appears arbitrary. In any event, it is not supported by substantial evidence. See, *Blankenship v. Bowen*, 874 F2d 1116 (6th Cir 1989). Plaintiff also argues that his need for daily naps, as well as his difficulties with concentrating and focusing prelude him from working. Plaintiff did testify with respect to such impairments (Tr. 62, 64, 67, 71), but the ALJ only found plaintiff to be generally credible with respect to his statements concerning the limiting effects of his symptoms from April 23, 2006 through November 26, 2008 (Tr. 17). An ALJ's findings regarding the credibility of the applicant "are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's

demeanor and credibility", *Walters v. Commissioner of Social Sec.*, 127 F.3d 525, 531 (6th Cir. 1997), Cruse v. Commissioner, 502 F3d 532, 542 (6th Cir 2007). However, credibility assessments are not insulated from judicial review and, despite the deference due, such a determination must nevertheless be supported by substantial evidence. *Walters*, 127 F.3d at 531. The ALJ is not free to determine credibility based upon an intangible or intuitive notion. *Rogers v. Commissioner*, 486 F3d 234, 247 (6th Cir. 2007). Here, the ALJ gave no basis for changing the assessment of credibility and the medical evidence consistently supports plaintiff's testimony. The differential credibility determination is not supported by substantial evidence.

With this evidence before him, the ALJ found that plaintiff had the RFC for sedentary work "except able to alternate between sitting and standing as needed and only unskilled tasks." (Tr. 19, #10-3 p20) This finding is not supported by substantial evidence. Plaintiff testified to his ongoing physical and cognitive problems. The medical evidence supports those. Neither the physician nor the chiropractor found that plaintiff had the ability to lift or carry ten pounds as required for the performance of sedentary work. Both found significant postural and manipulative limitations further impairing his ability.[4] Cognitive limitations, pain, and associated impairments were not given appropriate consideration by the ALJ. .

The Sixth Circuit has held that the Commissioner has the burden of coming forward with evidence of medical improvement when the issue is termination of benefits. *Haynes v. Secretary of HHS*, 734 F2d 284, 288 (6th Cir. 1984). This has also been the standard for situations

---

[4] Since both found significant limitations impairing the performance of sedentary work, remand for further discussion of the two opinions would be unwarranted.

involving closed periods of disability. See, *Long v. Secretary of HHS*, 1994 WL 718540 (6th Cir. 1994)(unpublished). Defendant's request that the court deny plaintiff's motion for summary judgment and order remand for explicit discussion of the conflicts in the evidence between Dr. Beale and the chiropractor, as "the RFC finding and determination of what if any jobs plaintiff could perform may change depending on which limitations are credited," is at best disingenuous. The ALJ in the decision and the Commissioner in the brief contend that "Plaintiff's orthopedist indicated that plaintiff could handle the demands of sedentary work but imposed postural, manipulative, and environmental limitations" with general citation to pages 305-06 of the Transcript. The court's careful review fails to find support for the Commissioner's findings. The treating physician's statement of ability to do work related activity did not state that plaintiff could perform sedentary work. In fact, it describes abilities leading to less than the ability to perform sedentary work.

As noted in *Gillespie*: "The defendant has made no effort to cite evidence from the record that indicates an improvement of the plaintiff's condition after [November 26, 2008] and the Court's thorough review of the record discloses none." 2010 WL 4063713 *4. Continuing: "the Court finds that if the plaintiff was disabled before [November 26, 2008]–which the Commissioner concedes–[he] was disabled thereafter because there was no substantial evidence of a change in [his] condition that affected [his] ability to perform substantial gainful activity." *Id* at *5. Thus, the plaintiff's motion for summary judgment is granted.

*C. Plaintiff Is Entitled Continuing Benefits and to a Remand to the Commissioner for a Calculation of Benefits Due.*

In reviewing social security cases, the court must determine whether the agency's decision denying benefits is supported by substantial evidence. 42 U.S.C. § 405. If the decision is not supported by substantial evidence, the court can either award benefits or remand the matter to the agency. An award of benefits is appropriate if there is an adequate record and there are no unresolved factual issues. *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985); *Faucher v. Secretary of HHS,* 17 F.3d 171, 176 (6th Cir 1994). In *Mowery v. Heckler*, 771 F2d 966 (6th Cir. 1995), the court held that where proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking, an award of benefits is appropriate. Here, it is clear that proof of disability is strong–the Commissioner has already determined that plaintiff was disabled in excess of two years. No evidence to the contrary is contained in the record. Plaintiff's limitations continued through the 2008 hearing date and at the same or similar degree of severity as had been the case during the closed period.

The court is not trying the case *de novo*, nor resolving conflicts in the testimony, nor deciding questions of credibility. *Bass v. McMahon*, 499 F3d 506, 509 (6th Cir 2007), *Garner v. Heckler*, 745 F2d 383, 387 (6th Cir. 1984), *Gillespie* at *6. However, after a review of the record as a whole, the court concludes that the substantial evidence does not support the ALJ's determination of medical improvement or justify a finding of "not disabled" after the hearing date.

## IV. Conclusion

THEREFORE, IT IS ORDERED that the defendant's Motion for Remand (#20) is DENIED, the plaintiff's Motion for Summary Judgment (#28) is GRANTED.

IT IS FURTHER ORDERED that the findings of the Commissioner are AFFIRMED IN PART as to the closed period of disability spanning April 23, 2006 through November 26, 2008 and REVERSED IN PART as to the time period from November 27, 2008 to the present.

IT IS FURTHER ORDERED that disability benefits be granted to David N. Ramseur continuing after November 26, 2008, and that the matter is REMANDED to the Commissioner for calculation and payment of benefits from November, 2008 to the present and continuing into the future.

**SO ORDERED**.

S/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: November 29, 2010

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on November 29, 2010.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan